UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CLAUDE BOUDREAUX, ET AL**           **CASE NO.  6:65-CV-11351**

**VERSUS**                            **JUDGE ROBERT R. SUMMERHAYS**

**SCHOOL BOARD OF ST. MARY PARISH, ET AL**   **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM RULING

Before the Court is the Plaintiff Class's Motion for an Order to Show Cause requesting that the St. Mary Parish School Board and the Louisiana Attorney General's Office and their counsel be ordered to show cause why they should not be sanctioned and/or admonished.  (Rec. Doc. 184). Defendants opposed the Motion (Rec. Doc. 196).  Considering the evidence, the law, and the arguments of the parties, it is ORDERED that the Plaintiff Class's Motion for an Order to Show Cause[1] is hereby DENIED.

### Facts and Procedural History

This longstanding school desegregation case was brought in 1965 on behalf of African American students and their parents residing and attending school in the

---

[1] While the motion is termed a Motion for an Order to Show Cause, both parties briefed their respective positions on whether sanctions and/or admonishment should be imposed; accordingly, the Court is treating the motion as a Motion for Sanctions and/or Admonishment.

St. Mary Parish public school district. (Rec. Doc. 1). Pertinent to the present motion, on April 10, 2024, the parties attended a Settlement Conference before the undersigned. (*See* Rec. Docs. 161 & 165). The Plaintiff Class maintains that the St. Mary Parish School Board ("Board") and its counsel should be sanctioned for failing to participate in the April 10, 2024 Settlement Conference in good faith, and that counsel for the Board and the State of Louisiana should be sanctioned or admonished due to alleged breach of confidentiality and for Louisiana's alleged impermissible participation in the Settlement Conference. (Rec. Doc. 184-2).

Specifically, per the Plaintiff Class, despite indicating a willingness to negotiate, the Board "refused to negotiate at all" at the April 10, 2024 Settlement Conference. (*Id*. at p. 5). The Plaintiff Class states that they invested a significant amount of time working in good faith to prepare for the settlement conference and incurred significant travel expenses to attend. (*Id*. at p. 6). The Plaintiff Class also asserts that, unbeknownst to them, Attorney Brungard from the Louisiana Attorney General's Office was present with the Board at the April 10, 2024 Settlement Conference in violation of confidentiality requirements and the permissible parameters of Louisiana's amicus participation. (*Id*. at p. 5).

The Board and Louisiana deny any bad faith or breach of confidentiality. (Rec. Doc. 196). The Board notes that they received the Plaintiff Class's first and only demand on the afternoon of March 29, 2024. (*Id*. at p. 8). Counsel for the Board

responded to the Plaintiff Class explaining that they may not have time to discuss or respond to the demand as it was a holiday and counsel would be in trial the following week. (*See* Rec. Doc. 184-5). Counsel for the Board also alleges that after receiving the demand, they were required to present it to the Board; accordingly, they convened a public meeting on April 8, 2024. (Rec. Doc. 196, pp. 4-6). The Board asserts that at this meeting, there were discussions between the Board and the Louisiana Attorney General's Office to allow Attorney Brungard to represent the Board as additional counsel, and the Board scheduled to vote on the matter at the next regularly scheduled board meeting, April 11, 2024. (*Id.*). The Board maintains that neither the Board nor its counsel discussed the contents of the Plaintiff Class's demand letter in the presence of Attorney Brungard and further maintain that she did not receive any confidential information at the April 8, 2024 meeting or April 10, 2024 Settlement Conference. (*Id.*).

On May 17, 2024, a Motion to Withdraw Attorney Brungard as attorney for Louisiana and to Enroll her as attorney for the Board was filed. (Rec. Doc. 169). On June 13, 2024, after argument, the Court granted this request. (Rec. Doc. 182). Accordingly, the Court finds that the Plaintiff Class's request for sanctions and/or admonishment regarding Attorney Brungard's presence at the April 10, 2024 Settlement Conference is moot as Attorney Brungard is now counsel for the Board. As such, the Court will only address the Plaintiff Class's request for sanctions due

to the Board's alleged failure to participate in the settlement conference in good faith.

## Law and Analysis

The Plaintiff Class relies on *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320 (5th Cir. 1996) to support its request for sanctions. The *Guillory* Court held that "Federal Rule of Civil Procedure 16(f) authorizes the imposition of sanctions 'if a party or party's attorney fails to participate [in a pretrial settlement conference] in good faith.'" *Guillory*, 95 F.3d at 1334 (citing Fed.R.Civ.Pro. 16(f) and *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir.1990.)) The Court finds *Guillory* distinguishable from the present case.

In *Guillory*, the Fifth Circuit found "that the record does not demonstrate that the district court sanctioned [defense counsel] for failing to make a serious offer, but rather it imposed the sanctions because [defense counsel] concealed its true position that it never intended to settle the case." *Guillory*, 95 F.3d at 1334-35. Specifically, unlike the present case, the defense counsel in *Guillory* submitted a written statement to the court regarding their position on settlement and gave no indication that they believed settlement to be a useless endeavor. *Id.* at 1334. In other words, the defense counsel in *Guillory* misled both the court and plaintiff. Here, counsel for the Board never made any specific affirmations to the Plaintiff Class about settlement and was forthcoming with the Court about their authority, or lack thereof, to settle.

The Court also has inherent power to impose sanctions when appropriate: "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. [ ] That authority includes the 'ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017).  However, the Fifth Circuit has confined sanctions under the district court's inherent power to instances of bad faith or willful abuse of the judicial process. *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990); *Breazeale v. Smith*, 857 F.2d 258, 261 (5th Cir. 1988); *Matter of Thalheim*, 853 F.2d 383, 389 (5th Cir. 1988).

This Court finds that, under the facts and circumstances of this particular case, sanctions or admonishment are not warranted.  The Plaintiff Class has not shown that the Board and/or Louisiana or their counsel knowingly acted in bad faith or willfully abused the judicial process.

## Conclusion

For the reasons discussed herein, the Plaintiff Class's Motion for an Order to Show Cause (Rec. Doc. 184) is DENIED.

Signed at Lafayette, Louisiana, this 12th day of July, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE